U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 19 2007

ROBERT H S[...] CLERK
BY _____ DEPUT
SHREVEPORT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Plaintiff<br><br>versus<br><br>CENTENARY COLLEGE OF LOUISIANA<br>Defendant | § § § § § § § § § | **5:07cv1561**<br><br>JURY TRIAL DEMAND |

## COMPLAINT AND JURY DEMAND

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Elizabeth Wamsley ("Ms. Wamsley"), who was adversely affected by being discharged by her former employer, Centenary College of Louisiana, because of "pregnancy, childbirth, or related medical conditions," within the meaning of Title VII.

### JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of

the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.

Venue is proper in this Court under 28 U.S.C. § 1391 and Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3). The unlawful actions which are the subject of the instant lawsuit occurred within the State of Louisiana.

**PARTIES**

3.

Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.

Made Defendant herein is Centenary College of Louisiana ("Defendant" or the "Employer"). At all relevant times, Defendant has been a non-profit corporation organized under the laws of, and doing business within, the State of Louisiana, and has at all times relevant had at least fifteen (15) employees.

5.

At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.

More than thirty (30) days prior to the institution of this lawsuit, Ms. Wamsley filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.

a. Ms. Wamsley began working for Defendant in Shreveport, Louisiana, as an assistant coach of the women's intercollegiate basketball team in 2003.

b. Ms. Wamsley was selected as the interim head coach of the basketball team in April of 2004, and subsequently served as head coach for two seasons.

c. Ms. Wamsley had a child in September of 2005. Ms Wamsley was not married at the time.

d. Athletic Director Taylor Moore terminated Ms. Wamsley's employment. Athletic Director Moore told Ms. Wamsley that raising a child was not consistent with her coaching duties.

e. Athletic Director Moore told Ms. Wamsley that she should not continue her coaching job because she was a mother. Moore also told Ms. Wamsley that it was unprofessional for her to bring her child to her office.

f. Ms. Wamsley pointed out to Athletic Director Moore that a male softball coach also had young children, and asked whether Moore had told that male coach that having young children was inconsistent with coaching. Moore responded by stating that the male coach had a mate's help at home with the children.

g. The male Assistant Athletic Director, while employed by Defendant, informed Ms. Wamsley that Athletic Director Moore had stated that her "life choice" to be a mother was going to be a problem.

h. The Assistant Athletic Director confirmed that the Athletic Director terminated Ms. Wamsley because she is a mother, despite the Assistant's recommendation to the contrary because he considered Ms. Wamsley's performance to be more than satisfactory.

i. Athletic Director Moore informed the Assistant Athletic Director that he was concerned that Ms. Wamsley would not be fully committed to her job because of her "life choice" to have a baby.

j. At all times relevant, Ms. Wamsley was qualified to perform, and did in fact satisfactorily perform, the duties of her position.

k. Defendant treated similarly situated male employees more favorably than Ms. Wamsley, because of her sex, pregnancy, childbirth, or related medical conditions, within the meaning of Title VII.

l. Defendant terminated Ms. Wamsley's employment in March of 2006 because of her pregnancy, childbirth, or related medical conditions, in violation of Title VII.

8.

Under Section 701(k) of Title VII, discriminating against an individual "because of sex" or "on the basis of sex" is defined to include discriminating because of, or on the basis of, pregnancy, childbirth, or related medical conditions. 42 U.S.C. § 2000e(k).

9.

The unlawful practices by Defendant complained of herein have deprived Ms. Wamsley of equal employment opportunities and have otherwise adversely affected her status as an employee because of her sex and because of her "pregnancy, childbirth, or related medical conditions," within the meaning of Title VII.

10.

The unlawful employment practices complained of herein were intentional.

11.

Defendant committed the unlawful employment practices complained of herein with malice or with reckless indifference to the federally protected rights of Ms. Wamsley.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in terminating employees because of their pregnancy and any other employment practice which discriminates on the basis of sex;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices, including but not limited to annual training of all supervisors and managers concerning pregnancy discrimination laws, and the development of effective policies to prevent pregnancy discrimination;

C. Order Defendant to make Ms. Wamsley whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay or reinstatement;

D. Order Defendant to make Ms. Wamsley whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to relocation expenses, job search expenses, and medical expenses not covered by the Employer's employee benefit plan, in amounts to be determined in the course of the proceedings;

E. Order Defendant to make Ms. Wamsley whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of herein, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined in the course of the proceedings;

F. Order Defendant to pay punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

G. Award the Commission its costs of this action; and

H. Grant any and all other relief, legal or equitable, which the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, the Commission hereby requests a jury on all issues raised in the instant Complaint which may be tried by jury.

**RONALD S. COOPER**
General Counsel
No Bar Roll Number Assigned

**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned

**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned

**JIM SACHER**
Regional Attorney
La. Bar Roll Number 14888
Equal Employment Opportunity Commission
Houston District Office
Mickey Leeland Federal Building
1919 Smith Street
Houston, Texas 77002-8049

**GREGORY T. JUGE (T.A.)**
Senior Trial Attorney
La. Bar Roll No. 20890

_____
**N. ELEANOR GRAHAM**
Senior Trial Attorney
La. Bar Roll No. 16946
**U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
New Orleans Field Office
1555 Poydras Street
Suite 1900

                                              New Orleans, LA  70112
                                              Tel:     (504) 595-2877 (Juge)
                                                        (504) 595-2875 (Graham)
                                              Fax:    (504) 595-2886 or 595-2884
                                              E-mail: gregory.juge@eeoc.gov
                                              E-mail: nancy.graham@eeoc.gov
                                              **COUNSEL FOR PLAINTIFF**
                                              **U.S. EQUAL EMPLOYMENT**
                                              **OPPORTUNITY COMMISSION**

**REGISTERED AGENT FOR
SERVICE OF PROCESS:**

DR. KENNETH L. SCHWAB, PRESIDENT
2911 CENTENARY BLVD.
SHREVEPORT, LA 71104



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans Field Office

1555 Poydras Street, Suite 1900
New Orleans, LA 70112
National Call Center: (800) 669-4000
National Contact Center TTY:(800) 669-6820
New Orleans Status Line: (866)408-8075
New Orleans Direct Dial: (504)595-2886
TTY (504) 595-2958
FAX (504)595-2884

SEP 18 2007

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 19 2007

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY
SHREVEPORT

FNO-LEG
INF-4

Honorable Robert H. Shemwell
Clerk of Court
Western District of Louisiana
300 Fannin Street, Suite 1167
Shreveport, La., 71101- 3803

Re:  **EEOC v. Centenary College of Louisiana**

Dear Mr. Shemwell:

Enclosed with this letter you will find an Original and (4) copies of the Complaint along with a copy of the Civil Cover Sheet, and Financial & Civil Allotment Sheet to be filed within your district.

It is requested that when you time stamp the extra copies I have provided and return to me in the enclosed self-addressed envelope.

Thanking you in advance for your cooperation in this matter.

Sincerely,

Gregory T. Juge
Senior Trial Attorney

Enclosures
JS/EMR/EMR#d:centary college complaint.2007