**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** Plaintiff | § | |
| **VERSUS** | § | **CAUSE NO. 5:07CV1561** |
| **CENTENARY COLLEGE OF LOUISIANA** | § | |

# DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

Defendant, Centenary College of Louisiana, files this Original Answer and Affirmative Defenses to *Plaintiff's Complaint and Jury Demand.*

The opening paragraph of *Plaintiff's Complaint and Jury Demand,* captioned "Nature of the Action" requires no response on behalf of this Defendant. To the extent a response is deemed required, Defendant admits Plaintiff brings suit pursuant to the referenced Acts but denies any violation of law. Elizabeth Wamsley was released from her employment for numerous, legitimate, non-discriminatory reasons which will be shown more fully at trial of this matter.

## I. ADMISSIONS AND DENIALS

1. In response to the allegations of Paragraph 1, Defendant admits Plaintiff brings suit under the referenced statutes but denies any violation of the law as alleged and denies that either Plaintiff or Wamsley is entitled to relief under the referenced Acts. Defendant further denies the facts in that paragraph, except as otherwise admitted herein.

2. In response to the allegations of Paragraph 2, Defendant denies any unlawful actions on its part which Plaintiff claims are the subject of the instant lawsuit. Defendant admits venue is proper.

3. Defendant admits the allegations of Paragraph 3.

4. Defendant admits the allegations of Paragraph 4.

5. Defendant admits the allegations of Paragraph 5.

6. In response to the allegations of Paragraph 6, subject to it Seventh Affirmative Defense, Defendant admits Wamsley filed a charge more than 30 days prior to suit. Defendant denies any violation of Title VII. The remaining allegations of Paragraph 6 are denied.

7. In response to the allegations of Paragraph 7, Defendant answers each subpart as follows:

8. Defendant admits the allegations of Paragraph 7(a).

9. Defendant admits the allegations of Paragraph 7(b).

10. Defendant admits the allegations of Paragraph 7(c).

11. Defendant denies the allegations of Paragraph 7(d).

12. Defendant denies the allegations of Paragraph 7(e).

13. Defendant denies the allegations of Paragraph 7(f).

14. Defendant denies the allegations in Paragraph 7(g).

15. Defendant denies the allegations in Paragraph 7(h).

16. Defendant denies the allegations of Paragraph 7(i).

17. Defendant denies the allegations of Paragraph 7(j).

18. Defendant denies the allegations of Paragraph 7(k).

19. Defendant denies the allegations of Paragraph 7(l).

20. The allegations of Paragraph 8 doe not require a response from this Defendant. To the extent a response is deemed required, Defendant agrees with the accuracy in recitation or quotation of law but denies violation of that law.

21. Defendant denies the allegations of Paragraph 9.

22. Defendant denies the allegations of Paragraph 10.

23. Defendant denies the allegations of Paragraph 11.

24. The allegations of the Prayer for Relief by Plaintiff does not require a response from this Defendant. To the extent a response is deemed required, Defendant denies the allegations in the Prayer for Relief, including subparts (A) through (H). Further, the EEOC has the statutory right to file this suit but not obtain a particular remedy. Instead, the appropriate particular remedy, if any, is a question for this Honorable Court and not the EEOC.

## III. AFFIRMATIVE DEFENSES

In further response to the Complaint made against it, Centenary College of Louisiana asserts the following defenses.

### FIRST AFFIRMATIVE DEFENSE

25. All actions of Centenary College of Louisiana were taken for legitimate, non-discriminatory reasons.

### SECOND AFFIRMATIVE DEFENSE

26. Some or all of the relief Plaintiff seeks is barred by Ms. Wamsley's failure to mitigate damages, if any.

### THIRD AFFIRMATIVE DEFENSE

27. Defendant specifically denies any act or omission on its part or the part of any of its employees or assigns, which would justify any claim for punitive damages.

## FOURTH AFFIRMATIVE DEFENSE

28. Defendant specifically denies any allegations of knowing conduct and other conduct which may form the legal basis for entitlement to the punitive damages requested by Plaintiff. Defendant further denies that the acts and/or omissions alleged by Plaintiff would amount to malicious and/or reckless conduct.

## FIFTH AFFIRMATIVE DEFENSE

29. Plaintiff is not entitled to some or all of the relief Plaintiff seeks because its claims are barred, in whole or in part, by applicable damage caps.

## SIXTH AFFIRMATIVE DEFENSE

30. Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

31. All claims brought pursuant to Title VII which were not included in Wamsley's charge filed with the EEOC, if any, or within the reasonable scope of the EEOC's investigation of that charge are barred for failure to satisfy statutory prerequisites, statute of limitation, prescriptive period and/or lack of subject matter jurisdiction.

## EIGHTH AFFIRMATIVE DEFENSE

32. Plaintiff is not entitled to some or all of the relief requested in its Complaint because, even if Defendant was found to have considered any impermissible factors in any decisions or actions with respect to Elizabeth Wamsley, which Defendant denies, Defendant would have taken the same action with regard to Elizabeth Wamsley's employment regardless of any impermissible factors.

## NINTH AFFIRMATIVE DEFENSE

33. Defendant affirmatively pleads that it did not authorize or ratify discriminatory practices against Plaintiff, if any.

## TENTH AFFIRMATIVE DEFENSE

34. Defendant is entitled to the *Ellerth/Faragher* affirmative defense. *Faragher v. City of Boca Raton*, 524 U.S. 773, Ct. 2275 (1998) and *Burlington Industries Inc. v. Ellerth*, 522 U.S. 1086, 118 S. Ct. 876 (1998).

## III. PRAYER

35. For these reasons and those which will be shown through trial of this matter, Centenary College of Louisiana asks this Court to render judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Defendant all other relief to which it is entitled. Defendant further prays for an award in its favor for attorney's fees (including costs and expert fees) incurred in the defense of this action as a prevailing party. See Title VII and 42 U.S.C. § 2000e-5(k).

Respectfully submitted,

**BUSCH & MYERS, LLP.**

By: [signature]

**Angella H. Myers**
**State Bar No. 25411**
**Nancy H. Landry**
**State Bar No. 25087**
101 Feu Follet Road, Suite 101
Lafayette, Louisiana 70508
Telephone: (337) 314-0164
Facsimile: (337) 314-0166

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of *Defendant's Original Answer and Affirmative Defenses* was served on Plaintiff's counsel of record via Notice of Electronic Filing and U.S. Mail, first class, postage prepaid, on this the 15th day of November, 2007.

Angella H. Myers

**Angella H. Myers**