RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 3 / 26 / 08
BY DM

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § | **CIVIL ACTION NO. 5:07CV-1561** |
| | § | |
| **Plaintiff** | § | |
| | § | **JUDGE WALTER** |
| **v.** | § | |
| | § | |
| **CENTENARY COLLEGE OF LOUISIANA,** | § | **MAG. JUDGE HORNSBY** |
| | § | |
| | § | |
| **Defendant** | § | |

## CONSENT DECREE

### Introduction

Plaintiff Equal Employment Opportunity Commission (hereinafter the "Commission" or the "EEOC") has instituted this action alleging that Centenary College of Louisiana (hereinafter the "Defendant" or "Centenary") discriminated against Elizabeth Wamsley in violation of Title VII of the Civil Rights Act of 1964, as amended (hereinafter "Title VII") by terminating her employment because of her sex.

Centenary denies the Commission's allegations.

For purposes of settlement, compromise and to avoid the costs of litigation only, the parties have advised the Court that they wish to resolve the instant controversy without the expense, delay, and burden of further litigation. Entering into this agreement shall not be deemed an admission of wrongdoing by either party;

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to

and the subject matter of this action, (ii) the requirements of Title VII will be furthered by the implementation of this Decree, (iii) this Decree is intended to and does resolve all matters in controversy in this lawsuit between the parties, and (iv) the terms of this Decree constitute a fair and equitable settlement of all issues in this lawsuit.

**THEREFORE, IT IS HEREBY AGREED BETWEEN THE COMMISSION AND THE DEFENDANT, AND IT IS ORDERED, ADJUDGED, AND DECREED:**

## I. General Provisions

1. In accordance with Title VII and the current policies of Centenary College, Defendant shall not discriminate against its employees with respect to hiring, promotion, firing, compensation, scheduling or other terms, conditions or privileges of employment on the basis of sex.

2. In accordance with Title VII and the current policies of Centenary College, Defendant shall not discriminate or retaliate against any person because he or she: (a) has opposed any practices alleged in this lawsuit as unlawful under Title VII; (b) has participated in any investigation conducted under Title VII connected with or leading up to this lawsuit; (c) has participated in this lawsuit; or (d) has benefited or will benefit, in any way, as a result of this Consent Decree.

## II. Individual Relief for Charging Party

3. Within thirty (30) days of the entry of this decree, Defendant shall forward to Elizabeth Wamsley:

   a. A check in settlement of Ms. Wamsley's claims relating to her employment with and/or termination from Centenary College of Louisiana in the amount of

Two Hundred Thousand Dollars ($200,000.00). The check shall be made in a lump sum payment to Elizabeth Wamsley. She is responsible for payment of taxes, if any.

b. The check referenced in paragraph (a) shall be forwarded to Elizabeth Wamsley via federal express.

c. An original letter of reference, which will be dated after entry of this Decree and executed by Defendant's President on college stationary and written as in Exhibit B to this Decree.

4. As a condition precedent to Defendant making the payment referred to in Paragraph 3 above, Ms. Wamsley shall execute a release of any and all claims she has or may have against Centenary College and its Directors, Officers, insurers, attorneys and former or current employees, relating to her employment with and/or resignation from Centenary College and the charge of discrimination she filed or this litigation, including, but not limited to her Title VII claims against Defendant. The scope of Defendant's release will not include any prospective claims of Ms. Wamsley that are unrelated to her employment with, or termination from Centenary or her EEOC Charge and this Lawsuit against Centenary.

5. Defendant shall contemporaneously forward a copy of the check and reference letter, referenced in paragraph 3 above, to Senior Trial Attorney N. Eleanor Graham, Equal Employment Opportunity Commission, New Orleans Field Office, 1555 Poydras Street, Suite 1900, New Orleans, Louisiana 70112.

## III. Non-Monetary Relief

6. **Training**

Within ninety (90) days after the entry of this Decree and annually thereafter, Defendant shall provide mandatory EEO training for its officers, administrative managers and

supervisors, including the Defendant's President, Senior Women's Administrator and Athletic Director. The content of this training shall include sex discrimination under Title VII of the Civil Rights Act of 1964, as amended, Defendant's policy (attached to this Decree as Exhibit A) and a reference to the various guidance issued by the Commission including, but not limited to, "Enforcement Guidance: Unlawful Disparate Treatment of Workers with Caregiving Responsibilities" (issued May 23, 2007). Defendant's human resource staff and all of its managers and supervisors who are required to attend the training will be provided the web address for the EEOC where they can access all guidance issued by the Commission and will be provided with a copy of this Guidance and other Guidance publications discussed at the training. Defendant will submit the identity of the trainer(s) and any training materials or hand outs for the first training session (apart from the Defendant's policy) to the EEOC in advance of the training. That information shall be sent to Senior Trial Attorney N. Eleanor Graham, Equal Employment Opportunity Commission, New Orleans Field Office, 1555 Poydras Street, Suite 1900, New Orleans, Louisiana 70112 and Jim Sacher, Regional Attorney of the EEOC's Houston District Office, Mickey Leland Federal Building, 1919 Smith Street, 7th Floor, Houston, Texas 77002-8049. Defendant shall further provide Ms. Graham and Mr. Sacher with sufficient notice of the date, time and place of the first mandated training in order that a representative of the Commission, at his or her option, may attend that training event. Further, Mr. Sacher may request edits to the training program. Any such edits are limited to those codified in Title VII. Recommended topics and/or edits shall be sent by Mr. Sacher to the designated trainer no later than two (2) weeks prior to the training session. Any required employee, officer or manager of Centenary who fails to attend the mandated training under this Decree shall be required to attend a make-up training program or be provided with the original written training materials and

required to view a videotape of the entire original training program under the supervision of an appropriate human resource official within one month of the original missed program.

7. **Posting and Policies**

Within sixty (60) days after the entry of this Decree, Defendant shall distribute the policy, attached hereto as Exhibit A, to all of its employees, including officers, managers and supervisors.

8. In accordance with federal anti-discrimination laws that are enforced by the Commission, the Defendant agrees to post conspicuously the Commission's poster entitled: "Equal Employment Opportunity Is The Law" in prominent and accessible places in all of its facilities or buildings where its employees work and where this poster can be readily observed by the Defendant's employees and applicants for employment.

### IV. Reporting, Record-keeping, and Access

9. Defendant will prepare and disseminate four compliance reports during the tenure of this Decree. The reports shall be sent on or before the following dates: (1) September 20, 2008; (2) March 20, 2009; (3) September 20, 2009; and (4) March 20, 2010. If the Commission does not acknowledge receipt of any given report, it shall be Defendant's obligation to assure that receipt is forthcoming. Each of the reports shall be sent to the Commission's Regional Attorney Jim Sacher and Senior Trial Attorney N. Eleanor Graham in a letter report certifying as follows:

a) Defendant's activities to comply with each provision of this Decree;

b) Self assessment regarding any shortcomings in its compliance activities accompanied by its plan to remedy the shortcomings;

c) That the EEOC's poster has been posted as required by

paragraph 8, above, including its plan to assure continued posting during the Decree; and

d) That the policy adoption and distribution required by paragraph 7 above have been completed.

**V. Administration of the Decree -- Liaison**

10. The Defendant shall appoint a liaison to facilitate its satisfaction of all terms of the Consent Decree. This liaison shall have access to Defendant's Board meetings in order to periodically report on the Defendant's compliance with this Decree and to directly communicate with the Commission where necessary to ensure the collegial and efficient handling of the implementation of the Consent Decree and Defendant's compliance with all of its terms.

**VI. Defendant's Disclosure Obligations**

11. The Defendant shall disclose to i) its Board and ii) the EEOC as follows:

a) Defendant's compliance with this Consent Decree; and

b) Defendant's bound and determined commitment to cooperate with any charge investigations of the EEOC and/or the Louisiana Commission on Human Rights.

**VII. Term and Effect of Decree**

12. The term of this Decree shall be two years.

13. The negotiation, execution and entry of this Decree resolves any and all claims brought by the Commission and Elizabeth Wamsley against the Defendant in Commission Charge Number 461-2006-00681 and this lawsuit.

14. This Decree relates only to the alleged Title VII violations raised or which could have been raised against the Defendant in EEOC Charge Number 461-2006-00681 and this

lawsuit. It is expressly acknowledged and agreed by the parties that this Decree does not relate to any other EEOC charges by any person other than Elizabeth Wamsley.

**VIII. Validity, Enforcement, and Miscellaneous Provisions**

15. Should any provision of this Decree be declared or be determined by any Court to be illegal or invalid, the validity of the remaining parts, terms and provisions shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of this Decree.

16. This Court shall retain jurisdiction over this action for the purpose of enforcing this Decree, if necessary; and either party is empowered to enforce this Decree through the applicable judicial enforcement procedures.

17. The Commission agrees that, in the event the Commission believes Defendant is in violation of any provision of this Consent Decree other than the payment provisions of paragraph 3, the Commission shall notify Defendant, though its undersigned counsel, of such violation and afford Defendant the opportunity to remedy as may be appropriate any such alleged violation within 20 days of such notice, before instituting any legal action to enforce such provision(s). In the event the Defendant violates the payment provisions of paragraph 3 of this Decree, the Commission may immediately institute legal action.

18. Each party to this action shall bear its own costs and attorneys' fees.

**IT IS SO ORDERED.**

Shreveport, Louisiana, this 24 day of March, 2008

UNITED STATES DISTRICT JUDGE

SUBMITTED AND APPROVED BY:

FOR DEFENDANT:

**BUSCH & MYERS, LLP**

*/s/Angella H. Myers*
**ANGELLA H. MYERS**
**La. State Bar No. 25411**
**NANCY H. LANDRY**
**La. State Bar No. 25087**
101 Feu Follet Road, Suite 101
Lafayette, Louisiana 70508
Telephone: (337) 314-0164
Facsimile: (337) 314-0166

**ATTORNEYS FOR DEFENDANT**

FOR PLAINTIFF:

**RONALD S. COOPER**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**JIM SACHER**
Regional Attorney
La. Bar Roll No. 14888
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
HOUSTON DISTRICT OFFICE
Mickey Leland Federal Building
1919 Smith Street
7th floor
Houston, Texas 77002-8049
Tel: (713) 209-3398
Telefax: (713) 209-3402

*/s/ N. Eleanor Graham*
**N. ELEANOR GRAHAM**
Senior Trial Attorney
La. Bar Roll No. 16946
**GREGORY T. JUGE**
Senior Trial Attorney
La. Bar Roll No. 20890
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New Orleans Field Office
1555 Poydras Street, Suite 1900
New Orleans, LA 70112
Tel: (504) 595-2875 (Graham)
Fax: (504) 589-6861 or 595-2886

**ATTORNEYS FOR PLAINTIFF**